IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHRISTOPHER R. DESMOND,
　　Petitioner, et al

V.

STATE OF DELAWARE,
　　Respondents.

Civ. A. No. #

## PETITION FOR STATE COURT REMOVAL OF ALL CRIMINAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1455

COMES NOW, The petitioner Christopher R. Desmond, hereby respectfully moves the Honorable court pursuant to 28 U.S.C. § 1455 for this court to take jurisdiction of all state court criminal proceedings involving <u>State of Delaware v. Christopher R. Desmond</u>, Cr. A. No. # 9100984401.

IN 1991 petitioner was arrested by Delaware State police after being identified by a confidential informant as a suspect in serveral Robberies in and around New Castle Delaware. Desmond was indicted and stood trial in superior court of Delaware on Oct. 26, 1992 which ended with a split verdict by a jury on Nov. 9, 1992. The verdict was Affirmed by the Delaware supreme court on Nov. 16, 1994 <u>Desmond v. State</u>, 654 A.2d 821 (Del. Supr.)(en banc).

1

The court can find a overview of Petitioner's state court challenges including the reasons for his requests for Removal to Federal court jurisdiction of this motion. (see Attached Super. Ct. order July 10, 2018) Pages 14-19

Reasons For Removal

In 1991 Gov. Mike Castle Appointed Judge Richard R. Cooch to the New Castle County Superior Court pursuant to a unconstitutional selection process "known" As "The Political Affiliation system under Delaware's Article IV §3". Adams v. Carney, 2018 U.S. Dist. LEXIS 86169 at *2 (D. Del. May 23, 2018). Judge Cooch presided over Desmond's criminal trial and all subsequent collateral proceedings that followed.

Desmond acknowledges at this time the Constitutional question of Art IV §3 is "stayed" pending appeal to the Third Circuit in Adams. However, Desmond claims regardless the court must still remove his criminal proceedings to The United States District Court of Delaware because Delaware under its Appointment of judges employees no non-bias judges. Given the Respondents in Adama's, 2018 U.S. Dist. LEXIS 86169 at *2 Claimed All state Judge's positions are "policymaking positions"

Dated: Aug. 21, 2018

Christopher R. Desmond Pro se
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

2

Delaware defines a policymaker "As someone for whom political affiliation is appropriate requirement where there is rational connection between shared ideology and job performance." Grimaldi v. New Castle County, 2016 Del. Super. LEXIS 411.

Desmond claims all Delaware appointed judges including the Delaware Supreme Court Justices are in violation of Canon 3 - 3.01 - 3.2; Canon 4 - 4.01 and due to their political affiliation appointments prohibit them from being impartial Canon 2 - 2.02. Moreover, Delaware judges are in violation of the United States Supreme Court decisions in In re Murchison, 349 U.S. 133, (1955)(simultaneously witness, accuser, prosecutor, and judge of perjury); Mayberry v. Pennsylvania, 400 U.S. 455 (1971)(simultaneously victim and adjudicator of contempt); Tumey v. Ohio, 273 U.S. 510 (1927) (simultaneously adjudicator of liquor fines and recipient of fines as personal salary); Ward v. Village of Monroeville, 409 U.S. 57 (1972)(simultaneously adjudicator of traffic fines and mayor whose budget depends on those fines).

In that their policymaking positions place them in direct conflict of being judges of their own cases.

# ARGUMENT

1. Basic Due Process guarantees a defendant the right to an unbiased tribunal. This guarantee prohibits even the appearance of bias. All Delaware judges are appointed as Policymakers positions as such they violated Desmond's Due Process Rights To a unbiased Tribunal.

## Standard of Review

The court applies plenary standard of review when a state court dismisses a collateral motion without an evidentiary hearing. Fahy V. Horn, 516 F.3d 169, 179 (3rd cir. 2008).

### A- The petitioner's right to an unbiased tribunal

Defendant's have a due process right to expect the proceedings in their cases are presented to a tribunal which is not predisposed to find against them. Williams V. Pennsylvania, ___ U.S. ___, 136 S.Ct. 1899, 1910 (2016)(citing Marshall V. Jerrico, Inc., 446 U.S. 238, 242 (1980). No actual bias has to be shown. The inquiry is objective: Whether "the average judge in his position is 'likely' to be neutral, or whether there is an unconstitutional 'potential for bias.'" Williams at 136 S.Ct. 1905.

4

In <u>Caperton v. A.T. Massey Coal Co., Inc.</u>, the supreme court found a "serious risk of actual basis - based on objective and reasonable perceptions - when a person with personal stake in a particular case had a significant and disproportionate influence in placing the judge in the case." <u>Caperton v. A.T. Massey Coal Co., Inc.</u>, 556 U.S. 868, 884 (2009) "Due process requires an objective inquiry into whether --- under all the circumstances" would offer a possible temptation to the average --- judge to --- lead him not to hold the balance nice, clear and true." <u>Id</u>. 885.

In <u>Caperton</u> a litigant ("Blankenship") before the West Virginia supreme court had made "extraordinary" contributions to one of the supreme court justices who voted to deny a recusal motion brought by Blackenship's opponent. The United States supreme court concluded that there was a "serious risk" of bias when a person with a "personal stake" in a particular case had a "significant and disproportionate" influence in placing the judge on the case. The risk of bias arose from Blankenship having successfully funded the election to the West Virginia supreme court of a justice

(Brent Benjamin) who would hear the appeal in his case.

B. The Delaware judges are appointed based on political affiliation based on the party ideology to carry out the policymaking duties of their particular party including but not limited to legislative writing of criminal statutes which the same judges/justices are called upon to later interpret as was the case in Delaware's criminal code re-writes known as <u>S.B. 209 and S.B. 210 of the 149th Delaware General Assembly</u> where Delaware judges participated in re-writing Delaware's criminal code a violation of The separation of powers in the United States Constitution.

Delaware's policymaking duties were done without Desmond's knowledge or consent by the judges who presided over Desmond's criminal proceedings, making Delaware judges, judges of their own cases given they make policy then impose that policy from the bench.

6

Due process can require recusal even when no actual bias exists. It can require recusal when objectively, "the probability of actual bias on the part of the judge or decision maker is too high to be constitutionally tolerable." Rippo v. Baker, ___ U.S. ___, 137 S.Ct. 905, 907 (2017).

A defendant cannot lose his liberty interests with a trial in which he can't present his case knowing that the tribunal is not predisposed to find against him. The assurance is lost and judicial conduct improper whenever a judge appears biased, even if he/she is not biased. Wang v. Attorney General of U.S., 423 F.3d 260, 669 (3rd Cir. 2005). "The mere appearance of bias on the part of the court could still 'diminish the stature' of the judicial process he/she represents. Justices must satisfy the appearance of justice.'" Offut v. United States, 348 U.S. 11, 13 (1954).

The issue before this court extends beyond whether there was any actual bias on Delaware judges part. No actual bias need be shown, just the appearance.

7

By the state's conceding in <u>Adams</u>, 2018 U.S. Dist. LEXIS 86169 at *2 that Delaware Judge's are "policymaking positions" and their participation is writing the criminal codes with outside assistance places them in violation of <u>Canon 3-3.01-3.02; Canon 4-401</u>. And their being appointed discriminatory by party affiliation violates <u>Canon 2-202</u>. Making them "judge's of their own cases, policy Procedures and Codes, statutes they created." And now hold the position to enforce.

The appearance of bias is clear here, Due Process demands more. The "stature of the Judicial Process" demands more, Desmond has no other state Remedy from a unbias Judge.

II. Due Process Rights can only be waived by The individual. To Establish waiver, The individual Must have Knowingly waived That Right. Desmond went to trial without knowing Judge Cooch and Delaware Judges/Justice are hand Picked by "parties" to carry out "policy they Created", desmond Never waived his right to a impartial tribunal. Yet Delaware Court's failed to address the issue when Presented, and held it Procedurally defaulted.

8

## Standard of Review

The standard of review of the State court's failure to address the bias judge issue in a evidentiary hearing is plenary. Fahy at 179.

Desmond whose constitutional claims have not been addressed on the merits due to procedural default can overcome the default, thereby allowing federal court review, if they can show either (i) "Cause" for the default, that some objective factor "external to the defense" impeded efforts to comply with the State's procedural rule, and actual prejudice;" or (ii) That failure to transfer the case and consider the claims would result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); Martinez v. Ryan, — U.S. —, 132 S.Ct. 1309 (2012). "Cause" is some objective factor external to the defense." Murray v. Carrier, 477 U.S. 478, 488 (1986). "A showing That the factual or legal basis for a claim was not reasonably available to counsel --- or --- some interference by officials" are two examples, but Not an exhaustive list. Id.

9

The Third circuit has stated that the basic elements of due process include the right to be heard by a fair and impartial Tribunal. United States v. Cross, 128 F.3d 145, 148 (3rd cir. 1997). Nowhere in the record can Delaware point to where Desmond himself waived That right. For the cases interpreting this issue make clear that it is only the defendant, not counsel, who can waive his due process Rights.

A defendant must be personally aware of and knowingly waive issues involving fundamental constitutional rights. The presumption is against waiver of fundamental constitutional rights; acquiescence in their waiver is not presumed. United States v. Brown, 849 F.3d 87, 91 n.7 (C.A. 3 (3rd cir. 2017) Further, for any explicit agreement or stipulation of waiver to be valid, the defendant has to know of the right being waived. Brown, at 90. The burden of proof as far as waiver is concerned is on The state to prove any "intentional relinquishment or abandoment of a known right or privilege." Id. at 90-91.

The record in such instances must show that the defendant was actually aware of his due process and jury rights" and that he himself - not just his counsel - knowingly sanctioned a procedure that arguably impinges on those rights." The defendant's understanding of the ramifications and consequences must be shown. Id. at 91. Nowhere in the record is there any indication that on Oct. 26, 1992 the day of trial, did Desmond himself know that Judge Cooch was carrying out policies and procedures of his party affiliations including writing and creating statutes which "he" would enforce from the bench as a "policymaker." Nowhere can Delaware show on the record that Desmond, not his counsel waived any objections to his due process right to an impartial tribunal. Nowhere does the record reflect that Desmond either knew of or was informed of his Sixth Amendment due process right to an impartial tribunal, that he knew this his right to an impartial tribunal extended even to that right in the appearance of impartiality.
The question in this context has nothing to do with trial counsel's performance of showing prejudice, when Judge Cooch was appointed to Desmond's case.

11

Instead The inquiry is whether Desmond made a knowingly waiver of his due process rights to an unbiased tribunal, whether that bias was real or only apparent. He did not.

The Delaware court's non-review of Desmond's waiver analysis is flawed reasoning. Because this court's <u>Adam's</u> decision did not come out until 2018 and state's revealing Delaware judges as "policymakers positions" in (D.I. #29 of The Adam's case") Desmond could not have possibly known about Judge Cooch policy making before That.

Desmond has satisfied the requirements for a transfer of his criminal case to federal court under 28 U.S.C. §1455 in that every appointed judge on The superior and supreme courts are discriminatory appointed policy makers positions who created The "policy, procedure, and statutes their charged with interpreting and enforcing," The exclusive domain of The Delaware legisture, making all Delaware judge's, judge's of their own cases, for Desmond did not, could not receive a unbias tribunal at trial, direct appeal and in subsequent collateral proceedings. Requiring this court to remove Desmond's case to The federal jurisdiction to protect his

12

federal constitutional rights due process.

## CONCLUSION

For the above reasons Desmond moves the court vacate all the state court criminal proceedings in <u>State v. Desmond</u>, cr. A. No. # 9100984 DI and remove petitioner's criminal case to the jurisdiction of the District court of Delaware for final disposition before a unbias trial judge.

Date: Aug. 21, 2018

E-Filed

Matt Denn
Delaware Attorney General
Elizabeth McFarlan
Chief Deputy Attorney General
Appellate Division
Delaware Department of Justice
820 N. French Street
Wilmington Delaware 19801

Christopher R. Desmond # 160380
JTVCC
1181 Paddock Road
Smyrna Delaware 19977