IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| v. ) | **C.A. No. 18-1283 (MN)** |
| ) | Delaware Supreme Court No. 383, 2018 |
| CHRISTOPHER R. DESMOND, ) | Superior Court of the State of Delaware in |
| ) | and for New Castle County |
| Defendants/Petitioner. ) | Crim.A. No. 91009844DI |

### MEMORANDUM OPINION

Christopher R. Desmond, Defendant/Petitioner, James T. Vaughn Correctional Center, Smyrna, Delaware. *Pro se* Plaintiff.

December 11, 2018
Wilmington, Delaware


NOREIKA, U.S. District Judge:

Defendant/Petitioner Christopher R. Desmond ("Defendant") filed a notice of removal on August 21, 2018 of *State v. Desmond*, Delaware Supreme Court Case No. 282, 2018 and Delaware Superior Court Crim. ID No. 91009844DI. (D.I. 3). He removed the matter pursuant to 28 U.S.C. § 1455 which sets forth the procedure for removal of criminal prosecutions. Defendant appears *pro se* and has been granted leave to proceed *in forma pauperis*, but he paid the filing fee. The Court proceeds to screen the case pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). For the reasons discussed below, the Court will summarily remand the matter to the Delaware Supreme Court and/or the Superior Court of the State of Delaware in and for New County.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Following are the facts set forth in the Superior Court's July 10, 2018 Order denying Defendant's eleventh motion for postconviction relief. *See State v. Desmond*, 2018 WL 3409916, at *1 (Del. Super. July 10, 2018) (footnotes omitted):

> 1. Defendant was convicted in November 1992 of Robbery First Degree and related crimes. The factual and procedural history of both the case and the "plethora" of subsequent postconviction actions are incorporated by reference from the Court's opinion issued January 5, 2011. For an overview of Defendant's first six motions for postconviction relief, see *State v. Desmond*, 2011 WL 91984 (Del. Super. Ct. Jan. 5, 2011). In that opinion, the Court procedurally barred Defendant's seventh motion for postconviction relief by determining that Defendant's claims were not asserted in prior proceedings or were previously adjudicated.
>
> 2. Subsequently, this Court summarily dismissed Defendant's eighth motion for postconviction relief on March 7, 2012, finding that Defendant's eighth motion was procedurally barred. The Delaware Supreme Court affirmed that decision on August 9, 2012.
>
> 3. On February 26, 2013, this Court denied Defendant's ninth motion for postconviction relief as procedurally barred as untimely and repetitive. As a consequence, Defendant's motion for appointment of counsel was denied as moot.

1

4. In 2014, this Court deemed three filings listed below to be "subsequent motions pursuant to Superior Court Criminal Rule 61 for Postconviction Relief."

> 1. October 7, 2013: Motion to Amend Defendant's Correction of Illegal Sentence.
> 2. October 14, 2013: Motion to Amend Original Dismissal Motion DI 29, DI 31 Pursuant [sic] Superior Court Civil Rule 15(c), (d) and Superior Court Criminal Rules of Procedure Rule 57(d).
> 3. October 14, 2013: Motion to Amend Pursuant to the Superior Court Criminal Rule 61(e) and 61(b)(6) Appointment of Counsel for the Unresolved D.I. 64.

As a result, this Court denied the motions (interpreted as the tenth motion for postconviction relief) as repetitive pursuant to Rule 61(i)(2) and procedurally defaulted pursuant to Rule 61(i)(3).

5. On August 21, 2017, Defendant filed a "Motion for Clarification of Ambiguous Interpretation of Superior Court Criminal Rule 35(a) and the Delaware Rules of Evidence 609(c) 11 Del. C. § 4214(a) and 11 Del. C. § 6502." This Court denied the motion on the basis that it "lack[ed] any factual or legal merit."

6. On May 18, 2018, Defendant filed this motion, which is his eleventh motion for postconviction relief. In this motion, Defendant challenges his sentences "because they were imposed consecutively with respect to other sentences, and because [Defendant] remains confined in state prison under the non-aggregated terms of these sentences." As a result, Defendant alleges that this motion satisfies the jurisdictional prerequisite under Rule 61(a)(i). On June 4, 2018, Defendant filed a motion to amend to include an additional claim in which Defendant alleges he was denied his sixth amendment right to counsel during the plea offer. Consequently, Defendant's lack of counsel made Defendant "unable to obtain the benefits of a lesser sentence of twenty years." On June 12, 2018, Defendant filed a "Motion for Recuse."

On July 10, 2016, the Superior Court summarily denied the motion for postconviction relief and denied Defendant's motion to amend and motion to recuse. (D.I. 3-1 at 6). Defendant next filed a "Certified Questions of Law to the Delaware Supreme Court" and it was stricken by Delaware Supreme Court on August 2, 2018. (*Id.* at 7).

On August 21, 2018, Defendant filed a petition for "removal of all criminal proceedings pursuant to 28 U.S.C. § 1455." (D.I. 3). The gist of the removal is that the presiding criminal

2

judge was appointed "pursuant to an unconstitutional selection process." (D.I. 3 at 2). Defendant acknowledges that this issue is stayed pending an appeal to the United States Court of Appeals to the Third Circuit in *Adams v. Carney*, but "regardless the court must still remove [Defendant's] criminal proceedings" to this court based upon his right to an unbiased tribunal. (*Id.*). See *Adams v. Carney*, C.A. No. 17-181-MPT at D.I. 69 (D. Del.) In *Adams*, on February 21, 2017, James R. Adams, filed a Declaratory Judgment and Injunctive Relief action under 42 U.S.C. § 1983, in relation to Article IV, § 3 of the Constitution of the State of Delaware, against John Carney, Governor of the State of Delaware, seeking review of the constitutionality of the provision, commonly referred to as the "Political Balance Requirement," which prohibits any political party to comprise more than a "bare majority" of the seats in the Supreme Court or Superior Court, or in the Supreme Court, Superior Court, and Court of Chancery combined. *Adams v. Carney*, 2018 WL 2411219 (D. Del. May 23, 2018).

For relief, Defendant seeks to vacate all state court criminal proceedings. (D.I. 3 at 13). He also moves to vacate the filing fee order and seeks class certification. (D.I. 6, 7).

## II.    LEGAL STANDARDS

Removal of state criminal matters is permitted in limited instances under 28 U.S.C. § 1443. Pursuant to § 1443(1), a criminal prosecution commenced in a State court may be removed to the district court of the United States for the district and division embracing the place wherein it is pending against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof. 28 U.S.C. 1443(1). A state court defendant who seeks removal of a criminal prosecution to federal court under 28 U.S.C. § 1443(1) "must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights';

and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). With respect to the first prong, "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Rachel*, 384 at 792 (quoting 28 U.S.C. § 1443(a)). Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citations omitted).

### III. DISCUSSION

Here, the notice of removal refers to potential bias by State Court judges. Without more, the notice does not meet the first prong under § 1443(1). Even if the first prong had been met, Defendant must also show that he cannot enforce his asserted rights in state court. *In re Weddington*, 2008 WL 686381 (E.D. Pa. Mar. 12, 2008); *see also State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997). The notice of removal does not lead to the conclusion that Defendant cannot enforce any asserted rights in state court. Defendant has sought to enforce his right on multiple occasions. The issues he raises are rights that are certainly enforceable in state court. Indeed, it is generally presumed that "the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings, civil or criminal." *Johnson*, 421 U.S. at 219-20.

Finally, while Defendant frames the issue as one arising under the *Adams* case, *supra*, it is evident this is merely another attempt to gain release from prison. Notably, for relief Defendant asks the Court to "vacate all the state court criminal proceedings in *State v. Desmond*, Cr.A.No.

4

91009844ID. For the above reasons, the Court will summarily remand the case to the Delaware Supreme Court and/or the Superior Court of the State of Delaware in and for New Castle County.

## IV. CONCLUSION

For the above reasons the Court will summarily remand the case to the Delaware Supreme Court and/or the Superior Court of the State of Delaware in and for New Castle County.[1]

An appropriate order will be entered.

---

[1] The Court also observes that the notice of removal was not timely filed. *See* 28 U.S.C. § 1455(b)(1) (A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.).

5